IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FREDERICK LEON TUCKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-0681 |
| ) | |
| MICHAEL DONAHUE, Warden, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Frederick Tucker has filed a habeas petition in this Court under 28 U.S.C. § 2254 (ECF No. 1, supplemented by ECF No. 18). In response, the respondent has filed a motion to dismiss (ECF No. 19) on the basis that the petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b).

I.  **Procedural History**

Tucker was convicted on one count of rape of child after a jury trial in the Criminal Court for Davidson County, Tennessee in October 2004, and sentenced to twenty-one years of incarceration. The Tennessee Court of Criminal Appeals affirmed the conviction on direct review. *State v. Tucker*, No. M2005-00839-CCA-R3-CD, 2006 WL 547991 (Tenn. Ct. Crim. App. March 7, 2006).

The petitioner subsequently pursued post-conviction relief in the state court, arguing that he was denied the effective assistance of counsel and deprived of his constitutional right to a jury trial because jurors slept through the trial. The trial court denied the petition, and the Tennessee Court of Criminal Appeals affirmed the denial of relief. *Tucker v. State*, No. M2007-00681-CCA-R3-PC, 2008 WL 2743644 (Tenn. Ct. Crim. App. July 14, 2008).

In July 2009, the petitioner filed his first habeas petition under 28 U.S.C. § 2254 in this Court, challenging his 2004 conviction and sentence for rape of a child. The Court construed the petition as raising eight claims for relief, including that:

> (1) trial counsel was ineffective for failing (a) to "vigorously" cross examine the ten-year-old victim; (b) to "aggressively" challenge the DNA evidence; (c) to call a favorable witness (Pamela Scretchen); (d) to advise the petitioner that a jury rather than the judge should determine his sentence; (e) to object to an erroneous jury instruction; or (f) to retain the services of an expert who could rebut the testimony of the state's expert witness;
>
> (2) appellate counsel was ineffective for failing to provide the appellate court with a copy of the trial transcript;

(3) the petitioner was arrested pursuant to an invalid warrant that was issued on the basis of an inadequate showing of probable cause;

(4) the trial judge erred when he "never considered any mitigating factors or lesser included offenses";

(5) the evidence was insufficient to support a conviction;

(6) the trial judge gave the jury an erroneous instruction defining the mental state needed to commit the crime of rape of a child;

(7) post-conviction counsel was ineffective for "not filing an adequate brief supported by transcript of records to his issues"; and

(8) prosecutorial misconduct occurred when the prosecutor introduced the testimony of Detective Cooley, who made prejudicial remarks, and when the prosecutor made prejudicial remarks during closing argument.

*See Tucker v. Easterling*, No. 3:09-0623, 2010 WL 500425, at *1–2 (M.D. Tenn. Feb. 5, 2010) (Trauger, J.). That petition was denied on the merits, and judgment was entered against the petitioner in February 2010. *Id.* More precisely, the Court denied ground 1(c) (failure to call a favorable witness) and ground 5 (sufficiency of the evidence) on the merits, denied ground six (concerning the jury instructions) as not cognizable on habeas review, and dismissed the remaining claims as procedurally defaulted. The district court also denied a certificate of appealability. The petitioner sought a certificate of appealability directly from the Sixth Circuit Court of Appeals, which likewise declined to grant a certificate and therefore dismissed the appeal. *Tucker v. Easterling*, No. 10-6380 (6th Cir. Feb. 7, 2012), *petition for rehearing denied* (Nov. 27, 2012).

Tucker filed his present petition under § 2254 in this Court on May 13, 2013, challenging the same conviction and sentence. In this petition, Tucker argues that the ineffective assistance of his post-conviction counsel was the "cause" for the procedural default of the claims raised in his first petition, and that this is a newly recognized rule of law, as stated in *Martinez v. Ryan*, --- U.S. ----, 132 S. Ct. 1309 (2012). The petitioner also argues, with respect to ground 1(c) raised in his first petition, that he is now in possession of newly discovered evidence—an affidavit from supposedly favorable witness, Pamela Scretchen—that was not reasonably discoverable through the exercise of due diligence in 2006. (ECF No. 18, at 13.) This affidavit is not in the record, but the petitioner asserts that it states:

> To the best of my recollection, I was not contacted or interviewed by counsel for Frederick Tucker, investigators or anyone else from the Office of the Metropolitan Public Defender; law enforcement officers or anyone from the Office of the District Attorney General; or Isaac T. Conner or anyone on his behalf regarding my report or my interview with said 'victim' at

anytime from February 12[,] 2013 [sic],[1] until I was contacted by attorney Jennifer Hall. (ECF No. 1, at 11.) The petitioner apparently seeks to use this "new" evidence in support of his claim of ineffective assistance of both his trial and post-conviction counsel. In addition, the petitioner reiterates some of the arguments he made in his first petition, including a challenge to the sufficiency of the evidence; an ineffective-assistance claim based on his trial counsel's failure to call an expert witness; and a claim based on an erroneous jury instruction.

**II.    Discussion**

In light of the petitioner's prior habeas petition, this Court must first determine whether the present petition qualifies as a "second or successive" application within the meaning of 28 U.S.C. § 2244(b). *See In re Smith*, 690 F.3d 809, 809–10 (6th Cir. 2012) (holding that district court must decide in first instance whether a petition is "successive" under § 2244(b)). If so, this Court lacks jurisdiction to consider the petition.

28 U.S.C. § 2244(b)(1) provides that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Section 2244(b)(2) provides that a claim presented in a second or successive petition that was not included in the prior federal habeas application must be dismissed unless the petitioner "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *or* that the "factual predicate for the claim could not have been discovered previously through the exercise of due diligence"; *and* also shows that the "facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

However, before this Court may actually consider the merits of any the claims made in a second or successive petition, the petitioner must first request and obtain an order from the Sixth Circuit Court of Appeals authorizing this Court to consider the successive petition. 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson*,--- U.S. ----, 130 S. Ct. 2788, 2796 (2010). The court of appeals may authorize the district court to

---

[1] The reference to February 12, 2013 appears to be a typographical error on the part of the petitioner. From the context, it is clear that the actual date to which Scretchen (allegedly) refers in her affidavit is February 12, 2003, which is the date on which she interviewed the child rape victim.

consider a successive petition only if petitioner makes the *prima facie* showing described above. 28 U.S.C. § 2244(b)(3)(C). Absent authorization by the court of appeals, a federal district court lacks jurisdiction to consider a successive petition.

In the Sixth Circuit, when a prisoner has filed a successive habeas petition in the district court without first obtaining authorization from the court of appeals, the district court must, in the interest of justice pursuant to 28 U.S.C. § 1631, transfer the case to the Sixth Circuit for consideration in accordance with standards set forth in § 2244(b)(3). *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States*, 95 F.3d 119, 122 (2nd Cir. 1996)); *see also In re Smith*, 690 F.3d at 809–10 (reconfirming the propriety of the procedure established by *Sims*).

To be considered "successive" within the meaning fo the statute, the subsequent petition must relate to the same conviction or sentence under attack in the prior petition. *See, e.g.*, *Magwood*, 130 S. Ct. at 2796 (holding that a habeas petition challenging a judgment entered after a resentencing, as a result of an initial successful habeas challenge, was not "successive" for purposes of § 2244(b)). In addition, not all subsequent petitions relating to the *same* conviction or sentence are considered second or successive. *See, e.g.*, *Stewart v. Martinez-Villareal*, 523 U.S. 637, 644–45 (1998) (treating a claim raised in a second petition as part of a first petition, where the second petition was premised on a newly ripened claim that had been dismissed from the first petition "as premature"); *Slack v. McDaniel*, 529 U.S. 473, 478, 487 (2000) (declining to apply § 2244(b) to a second application where the district court dismissed the first application for lack of exhaustion). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 at 645. When a numerically second petition is not actually second or successive within the meaning of § 2244, the district court has jurisdiction to consider the subsequent petition without first obtaining authorization from the court of appeals, because the prior disposition was not "on the merits." *Slack*, 529 U.S. at 485–86.

In this case, as the respondent argues in his motion to dismiss, the current petition is successive under § 2244(b). The petitioner filed a prior habeas petition in this court in 2009 challenging the very same 2004 state-court conviction he challenges here. The petitioner's claims in that case were not denied on purely

-4-

procedural grounds but were considered and denied on the merits.[2] In dismissing the petitioner's appeal, the Sixth Circuit considered the merits of petitioner's claims, finding that petitioner was not entitled to a certificate of appealability because he could not make a "substantial showing of the denial of a constitutional right" or, with respect to those claims deemed procedurally defaulted, show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Tucker v. Easterling*, No. 10-6380, slip op. at 2 (6th Cir. Feb. 7, 2012) (order dismissing appeal (quoting *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)).

Because the first petition in this case was considered on the merits, and the present petition challenges the same judgment and sentence addressed in the first petition, the present petition is clearly a second and successive petition over which this Court lacks jurisdiction. The petition therefore must be transferred to the Sixth Circuit Court of Appeals.

The respondent has moved for the dismissal of the petition on the basis that it is a second or successive petition. As discussed above, in this circuit such a petition must be transferred to the Sixth Circuit for review and determination as to whether the district court should be granted authorization to entertain the successive petition. The motion to dismiss the petition will therefore be denied without prejudice, insofar as the respondent requests that the petition be dismissed at this juncture, but granted insofar as the respondent contends that the petition is successive. An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge

---

[2] The denial of a claim for relief on the basis that it was procedurally defaulted constitutes a determination on the merits. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000).