# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FREDRICK LEON TUCKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:13-cv-0681 |
| v. ) | |
| ) | Judge Campbell |
| MICHAEL DONAHUE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. Presently before the Court is Petitioner's Motion for Relief filed under Fed. R. Civ. P. 60(b). (ECF No. 27.)

**I. Procedural History**

On May 13, 2013, Petitioner filed a petition for the writ of habeas corpus (ECF No. 1) and paid the $5.00 filing fee (ECF No. 13). On July 15, 2013, Petitioner's motion for the appointment of counsel was denied and Respondent was directed to file a response to the petition. (ECF No. 14.) On August 8, 2013, Petitioner filed a supplement to his petition. (ECF No. 18.) Thereafter, Respondent filed a Motion to Dismiss the Petition because it was an unauthorized second or successive petition. (ECF No. 19). On August 14, 2013, the Court granted Respondent's Motion to Dismiss, judgment was entered and this matter was transferred to the Sixth Circuit Court of Appeals for review and determination as to whether the district court should be granted authorization to entertain Petitioner's successive petition. (ECF Nos. 21-23.)

Petitioner's Motion to File a Second or Successive Habeas Petition was docketed in the Court of Appeals on August 20, 2013 in case number 13-6079. On April 25, 2014, after the

matter was fully briefed, the Court of Appeals denied Petitioner's Motion because it did not satisfy the statutory criteria for filing a second or successive petition under 28 U.S.C. § 2244(b). Specifically, the Court of Appeals concluded that two of Petitioner's claims must be dismissed because they had been raised in his previous petition. 28 U.S.C. § 2244(b)(1). With respect to the remaining claims which were not previously raised, the Court of Appeals concluded that Petitioner "failed to show that they rely upon a new, retroactively applicable 'rule of constitutional law' or are based upon newly discovered facts that establish that 'no reasonable factfinder would have found [him] guilty of the' crime for which he was convicted." *In Re Fredrick Leon Tucker*, Case No. 13-6079, Doc. No. 12, Order denying Motion to File Second or Successive Petition (4/25/14).

Nearly two years later, on February 25, 2016, Petitioner filed the instant Motion ostensibly seeking relief from judgment under Fed. R. Civ. P. 60(b). (ECF No. 27.) On February 29, 2016, Respondent filed an opposition to the Motion because it was untimely; having been filed more than two years after judgment was entered in this action on August 14, 2013. (ECF No. 28.) On August 29, 2016, Petitioner filed a Reply claiming that his Motion is timely because he has been diligent in bringing forward evidence to establish that he is innocent of the crime for which he was convicted. (ECF No. 33.)

**II. Discussion**

In his Motion, Petitioner appears to contend that he is actually innocent of the crime for which he was convicted and that his trial counsel's ineffective assistance deprived him of his 6th Amendment rights. Additionally, Petitioner claims that any procedural default barring consideration of theses claims must be excused under *Martinez v. Ryan,* 132 S.Ct. 1309 (2012) and its progeny because his state habeas counsel was ineffective.

2

As a threshold matter, the Court must determine whether Petitioner's motion for relief from judgment is properly brought pursuant to Rule 60(b), or whether it should be considered a second or successive petition for a writ of habeas corpus.

A Rule 60(b) motion "represents the sole authority, short of a successive application approved by [the Sixth Circuit Court of Appeals], under which a district court may entertain a challenge to a prior denial of habeas relief." *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010). A Rule 60(b) motion "continues to have limited viability in the habeas context" to the extent that the Court may consider a prior denial of habeas relief when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 335-36 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)). However, a Rule 60(b) motion cannot be used to advance a substantive claim for federal habeas relief governed by requirements set forth in 28 U.S.C. § 2244(b) for successive petitions. Moreover, "[a] motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA [Antiterrorism and Effective Death Penalty Act of 1996]," *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir.), *cert. denied sub nom. Tyler v. Lazaroff*, 135 S. Ct, 370 (2014) (citing *Gonzalez*, 545 U.S. at 531-32). In such cases, the motion must be transferred to the Sixth Circuit Court of Appeals where petitioner must seek permission to proceed under 28 U.S.C. § 2244(b) because "[a] state prisoner may not file a second or successive habeas corpus petition until the court of appeals issues an order authorizing the district court to consider the petition." *Tyler*, 749 F.3d at 506 (citing 28 U.S.C. § 2244(b)(3)(A)).

In determining whether a Rule 60(b) motion is a successive habeas petition, the Court must examine "whether the Rule 60(b) motion contains a claim." *Tyler* 749 F.3d at 507 (quoting *Mitchell v. Rees*, 261 Fed.Appx. 825, 829 (6th Cir. 2008)):

> For purposes of § 2244(b), an application for habeas relief is a filing that contains one or more claims. A motion contains a claim, and is thus a successive habeas petition, if it asserts a federal basis for relief from the state court's judgment of conviction, by seek[ing] to add anew ground for relief or attack[ing] the federal court's previous resolution of a claim on the merits. For present purposes, the term on the merits refers to a determination that there exist or do not exist grounds entitling the petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute.
>
> By contrast, a [Rule 60(b)] motion does not attack a determination on the merits, and is thus not a successive habeas petition, when it merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar. Further, a motion does not present a claim when it does not attack the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, such as fraud on the federal habeas court. In short, a motion is not a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.

*Tyler*, 749 F.3d at 506-07 (internal citations and quotation marks omitted.

In his motion for relief from judgment, Petitioner offers allegedly new evidence in support of substantive claims for habeas corpus relief.[1] Petitioner asserts that this evidence supports claims of actual innocence and ineffective assistance of trial counsel. Additionally, Petitioner asserts that these claims should be considered by the Court because his state habeas counsel provided ineffective assistance; sufficient cause, Petitioner argues, to excuse a

---

[1] Notably, Petitioner's allegedly new evidence is comprised of a letter Petitioner wrote in 2006 and an affidavit from Pamela Scretchen, the individual who conducted the forensic interview of the victim, which Petitioner states he "received March 7, 2013." *See* ECF No. 27 at 3.

procedural default barring consideration of these claims.  Petitioner requests that this Court set aside and vacate his judgment of conviction, he requests that this Court remand his case to the trial court for further review and he seeks an evidentiary hearing concerning his claims.  Entirely absent from Petitioner's Rule 60(b) motion is any argument that this Court erred in its previous ruling which concluded that the habeas petition originally filed in this action on May 13, 2013 was second or successive.

It is manifest that Petitioner's Rule 60(b) Motion is an attempt by Petitioner to have substantive claims considered on the merits.  The motion is therefore a second or successive habeas petition.  This Court may not reach a determination of the motion on the merits without precertification by the Court of Appeals.  Accordingly, Petitioner's Rule 60(b) motion must be transferred to the Sixth Circuit Court of Appeals for consideration under 28 U.S.C. § 2244(b)(3)(A).

Therefore, the Clerk is **DIRECTED** to **TRANSFER** this case to the Sixth Circuit Court of Appeals.  Additionally, the Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order from the Court of Appeals.

It is so **ORDERED**.

_____
TODD CAMPBELL
UNITED STATES DISTRICT JUDGE